IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                    CRIMINAL NO. 2:19-CR-11
                                                                (KLEEH)

**CARMEN LISENO,**

    **Defendant.**

---

**CARMEN LISENO,**

    **Petitioner,**

v.                                                   CIVIL NO. 2:22-CV-16
                                                                 (KLEEH)

**UNITED STATES OF AMERICA,**

    **Respondent.**

---

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION, OVERRULING OBJECTIONS, AND
DENYING AND DISMISSING PETITION UNDER 28 U.S.C. § 2255**

Pending before the Court is a petition under 28 U.S.C. § 2255 filed by Carmen Liseno ("Liseno"). For the reasons discussed herein, the petition is **DENIED** and **DISMISSED** with prejudice.

## I.  BACKGROUND

On March 5, 2019, the grand jury returned a two-count indictment charging Liseno in Count One with Unlawful Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and in Count Two with Possession of a Firearm with an Obliterated Serial Number, in violation of 18 U.S.C. §§ 922(k) and

**CARMEN LISENO**                                                      **2:19-CR-11, 2:22-CV-16**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION, OVERRULING OBJECTIONS, AND
DENYING AND DISMISSING PETITION UNDER 28 U.S.C. § 2255**

924(a)(1)(B).  See ECF No. 1.[1]  The indictment alleged that Liseno was prohibited from possessing a firearm due to two prior felony grand theft convictions.  See id.

On May 3, 2019, pursuant to a written plea agreement, Liseno pleaded guilty to Count One.  See ECF No. 23.  Liseno's plea agreement included the following appellate waiver:

> 10.  Defendant is aware that 18 U.S.C. § 3742 affords a Defendant the right to appeal the sentence imposed.  Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, Defendant waives the following rights:
>
> A.  Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever.  This includes a waiver of all rights to appeal the Defendant's conviction on the ground that the statute(s) to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).
>
> B.  The Defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to

---

[1] Unless otherwise noted, all docket numbers refer to Criminal Action No. 2:19-CR-11.

2

**CARMEN LISENO**                                                          **2:19-CR-11, 2:22-CV-16**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND DENYING AND DISMISSING PETITION UNDER 28 U.S.C. § 2255**

> the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).
>
> C. To challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

Plea Ag., ECF No. 25, at ¶ 10. On October 1, 2019, the Court sentenced Liseno to 92 months of imprisonment, to run consecutively to any previously imposed sentence, followed by 3 years of supervised release. See Judgment, ECF No. 31. In calculating the applicable guideline range, the Court applied a four-point enhancement pursuant to U.S.S.G. § 2K2.1(b)(4)(B) because the serial number on the firearm was obliterated. See PSR, ECF No. 30, at ¶ 46. During the sentencing hearing, upon the Government's motion, the Court dismissed Count Two. See Judgment, ECF No. 31. The Court entered a judgment order on October 3, 2019. See id.

On November 1, 2022, Liseno, proceeding pro se, filed a petition under 28 U.S.C. § 2255 (the "Petition"). See ECF No. 43. In it, Liseno argues that his conviction and sentencing enhancement are unconstitutional following New York State Rifle & Pistol Association, Inc. v. Bruen, 597 U.S. 1 (2022). The Petition was fully briefed. See ECF Nos. 55, 56.

**CARMEN LISENO**                                                      **2:19-CR-11, 2:22-CV-16**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND DENYING AND DISMISSING PETITION UNDER 28 U.S.C. § 2255**

## II. REPORT AND RECOMMENDATION

On July 21, 2023, the Magistrate Judge entered a Report and Recommendation ("R&R") on the Petition. In it, the Magistrate Judge found that Liseno, in his plea agreement, waived his right to file the Petition. Assuming arguendo that Liseno did not waive his right file the Petition, the Magistrate Judge also found that the Petition was untimely. The Magistrate Judge recommended that the Court deny the Petition and dismiss it with prejudice.

The R&R informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." R&R, ECF No. 57, at 8. It further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." Id. On July 31, 2023, Liseno filed objections to the R&R. See ECF No. 58.

## III. OBJECTIONS

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's

4

Case 2:19-cr-00011-TSK-MJA   Document 62   Filed 01/21/26   Page 5 of 11   PageID #: 230

CARMEN LISENO                                           2:19-CR-11, 2:22-CV-16

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION, OVERRULING OBJECTIONS, AND
DENYING AND DISMISSING PETITION UNDER 28 U.S.C. § 2255**

recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Given the extensive nature of Liseno's objections, the Court will conduct a de novo review of the R&R.

### IV. DISCUSSION

As discussed below, the Court agrees with the Magistrate Judge's conclusions that Liseno waived his right to file the Petition, and even if he did not, the Petition is untimely.

**A.  Liseno waived his right to bring a collateral attack.**

"[A] waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994) (citations and internal quotation marks omitted). To determine whether a waiver is knowing and intelligent, courts look at "the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." Id. (citation omitted). The United States Court of

**CARMEN LISENO**                                                    **2:19-CR-11, 2:22-CV-16**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND DENYING AND DISMISSING PETITION UNDER 28 U.S.C. § 2255**

Appeals for the Fourth Circuit does not distinguish between the enforceability of a waiver of direct appeal rights and the enforceability of a waiver of collateral-attack rights in a plea agreement. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Accordingly, a waiver of the right to file a collateral attack is valid "so long as the waiver is knowing and voluntary." Id.

First, Liseno's guilty plea was knowing and intelligent, and his waiver of appellate rights was knowing and voluntary. The Magistrate Judge held a Rule 11 hearing on May 3, 2019. At the hearing, Liseno was represented by counsel, and he was sworn in. See Change of Plea Order, ECF No. 26, at 1. The Magistrate Judge informed Liseno of his rights and the waiver of those rights in the plea agreement. See id. at 2. The Magistrate Judge found Liseno's plea to be knowing and voluntary. See id. at 4. Based on the particular facts and circumstances surrounding Liseno's waiver, the Court finds that his waiver was knowing and voluntary.

Second, Liseno waived his right to file the Petition. As discussed, in Liseno's plea agreement, he waived the right to "challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding,

Case 2:19-cr-00011-TSK-MJA Document 62 Filed 01/21/26 Page 7 of 11 PageID #: 232

**CARMEN LISENO** 2:19-CR-11, 2:22-CV-16

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND DENYING AND DISMISSING PETITION UNDER 28 U.S.C. § 2255**

including any proceeding under 28 U.S.C. § 2255." Plea Ag., ECF No. 25, at ¶ 10. In the Petition, Liseno does not allege ineffective assistance of counsel or prosecutorial misconduct, which are the only claims exempted in the waiver. Rather, Liseno challenges the constitutionality of his conviction and sentencing enhancement. Because Liseno expressly waived the ability to do so, his Petition is denied.

> **B. Even if Liseno had not waived his rights, his Petition is untimely.**

Even if Liseno had not waived his right to file the Petition, the Petition is nevertheless untimely. A one-year statute of limitations applies for petitions under 28 U.S.C. § 2255:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

Case 2:19-cr-00011-TSK-MJA    Document 62    Filed 01/21/26    Page 8 of 11 PageID #: 233

**CARMEN LISENO**                                                     **2:19-CR-11, 2:22-CV-16**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION, OVERRULING OBJECTIONS, AND
DENYING AND DISMISSING PETITION UNDER 28 U.S.C. § 2255**

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Liseno's conviction became final on October 17, 2019, and he filed the Petition on November 1, 2022. Liseno argues that the statute of limitations began to run on June 23, 2022, when the Bruen decision was issued, pursuant to 28 U.S.C. § 2255(f)(3). The Court disagrees.

Liseno challenges the constitutionality of his conviction under 18 U.S.C. § 922(g)(1). For 28 U.S.C. § 2255(f)(3) to apply, the "right asserted" must have been "recognized by the Supreme Court." The right asserted by Liseno, however, does not exist. Regardless of whether he is asserting a facial or an as-applied challenge, the challenge fails. On December 6, 2024, the Fourth Circuit found that § 922(g)(1) remains facially constitutional after Bruen and United States v. Rahimi, 602 U.S. 680 (2024). See United States v. Canada, 123 F.4th 159, 162 (4th Cir. 2024). On December 18, 2024, the Fourth Circuit found that its decision in Hamilton remains binding precedent, and a person who has been convicted of a felony cannot make a successful as-applied challenge to § 922(g)(1) "unless the felony conviction is pardoned or the law defining the crime of conviction is found unconstitutional or otherwise unlawful." United States v. Hunt, 123 F.4th 697, 700

8

Case 2:19-cr-00011-TSK-MJA   Document 62   Filed 01/21/26   Page 9 of 11 PageID #: 234

CARMEN LISENO                                                          2:19-CR-11, 2:22-CV-16

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND DENYING AND DISMISSING PETITION UNDER 28 U.S.C. § 2255**

(4th Cir. 2024) (citing Hamilton v. Pallozzi, 848 F.3d 614, 626 (4th Cir. 2017)).  In the alternative, the court found that section 922(g)(1) "would survive Second Amendment scrutiny even if [the court] had the authority to decide the issue anew."  Id. Accordingly, Bruen did not recognize a right for Liseno with respect to his conviction.

Liseno also argues that U.S.S.G. § 2K2.1(b)(4)(B), which serves the same purpose as 18 U.S.C. § 922(k),[2] is unconstitutional.  The Fourth Circuit, however, has held that Bruen did not make 18 U.S.C. § 922(k) facially unconstitutional.[3] United States v. Price, 111 F.4th 392, 397 (4th Cir. 2024), cert. denied, 145 S. Ct. 1891 (Mar. 31, 2025).  Liseno has not shown that the Supreme Court recognized a new right with respect to his conviction or his enhancement for an obliterated serial number.  Even if he had made such a showing, he has not shown that the decision was made retroactively applicable to cases on collateral review. Pursuant to 28 U.S.C. § 2155(f)(1), the statute of limitations

---

[2] Pursuant to 18 U.S.C. § 922(k), "It shall be unlawful for any person knowingly to transport, ship, or receive, in interstate or foreign commerce, any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered or to possess or receive any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered and has, at any time, been shipped or transported in interstate or foreign commerce."

[3] In reaching its decision, the Fourth Circuit reversed and remanded the district court's decision.  Liseno relies heavily on the district court's decision.

CARMEN LISENO                                          2:19-CR-11, 2:22-CV-16

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND DENYING AND DISMISSING PETITION UNDER 28 U.S.C. § 2255**

began to run on October 17, 2019 — when the judgment of conviction became final. Liseno did not file the Petition within one year. Accordingly, the Petition is additionally dismissed as untimely.

V.     CONCLUSION

For the reasons discussed, the Court **ORDERS** as follows:

- The R&R is **ADOPTED** [ECF No. 57 in 2:19-CR-11; ECF No. 4 in 2:22-CV-16];

- Liseno's objections are **OVERRULED** [ECF No. 58];

- The Petition is **DENIED** and **DISMISSED** with prejudice [ECF No. 43 in 2:19-CR-11; ECF No. 1 in 2:22-CV-16];

- Case No. 2:22-CV-16 is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket; and

- The Clerk **SHALL** enter a separate judgment order in favor of the United States in 2:22-CV-16.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "If the Court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Id. The Court finds it inappropriate to issue a certificate of appealability in this matter because Liseno has not made a

10

Case 2:19-cr-00011-TSK-MJA   Document 62   Filed 01/21/26   Page 11 of 11 PageID #: 236

**CARMEN LISENO**                                          2:19-CR-11, 2:22-CV-16

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND DENYING AND DISMISSING PETITION UNDER 28 U.S.C. § 2255**

"substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). The Court, therefore, **DENIES** issuing a certificate of appealability.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record by email and to Liseno by certified mail, return receipt requested.

DATED: January 21, 2026

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA